**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AARON CHRISTOPHER WHEELER | : CIVIL ACTION |
| | : |
| v. | : |
| JOSEPH W. CHESNEY | : NO. 07-cv-0113 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus. One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***. Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"*** that generally forbids a litigant from filing a habeas if that litigant had a prior habeas that was dismissed with prejudice. Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997).

1

As relevant to the instant situation, petitioner was convicted in the Court of Common Pleas of Philadelphia County, Pennsylvania, as a result of his indictment in the cases that that court labeled January 1992-1810; -1812; -1815; and, -1817.  There is a previous 28 USC §2254 petition filed by petitioner (namely 98-cv-5131), which attacked the same conviction and/or sentence attacked in 07-cv-0113, and which was dismissed with prejudice.

On January 10, 2007, petitioner filed a petition in this court seeking his release from state custodial status based on the following claims:

1. Black persons were allegedly not allowed to be on the jury;

2. The Pennsylvania Department of Correction has allegedly altered his sentence to make his sentence longer than the court intended; and,

3. In imposing sentence upon petitioner, the court allegedly took into consideration, as part of petitioner's record, 59 criminal or traffic matters in which petitioner had not been found guilty.

These are clearly claims that his rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).  For the following reasons, this attempt to invoke Rule 60(b) to obtain release from custody with an argument based upon the United States Constitution must fail, as any attempt to challenge the outcome of a previous decision with claims based on the United States Constitution  may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and **_only_** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on the United States Constitution, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)."

Gonzalez v. Crosby, 545 U.S. 524 (2005).  Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005).  See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004);  United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b).  Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190.  Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties.  Gonzalez v. Crosby, 545 U.S. 524 (2005).  An

example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous non-merits decision was procured without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be procedurally defaulted, or attacks on how the previous habeas case was found by the court to not be in compliance with the statute of limitations).  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  Whereas petitioner is attacking the merits of his criminal conviction, this court is of the view that the instant case is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

   ***However***, to the extent that petitioner is alleging that he is actually innocent, and bases this argument upon allegedly newly discovered evidence, AEDPA itself provides for relief from ***both*** its second or successive rule ***and*** its statute of limitations where there is newly discovered evidence which "could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder, applying a beyond a reasonable doubt standard, would have found the applicant guilty of the underlying offense."  28 USC §2244 (b)(2)(B).  Calderon v. Thompson, 523 U.S. 538 (1998).  Accord, House v. Bell, 126 S.Ct. 2064 (2006).  Therefore, the second or successive rule would not be a bar to bringing a habeas corpus case pursuant to AEDPA in situations involving ***truly***, newly discovered evidence of actual innocence.  Calderon v. Thompson, 523 U.S. 538 (1998).   Considering that the petitioner has been convicted of a crime, the trial court's findings of fact are presumptively correct, and the factual situation involved must be viewed

in the light most favorable to the prosecution. Riley v. Taylor, 277 F.3d 261 (3rd Cir. 2001).

AEDPA also provides that its statute of limitations does not expire in cases attacking state custody until at least one year after this evidence of actual innocence could have first been discovered through the exercise of due diligence. 28 USC §2244(d)(1)(D). However, before this district court has jurisdiction to consider any of petitioner's arguments based on newly discovered evidence, petitioner must petition the U.S. Court of Appeals for the Third Circuit for permission for this court to consider these arguments (pursuant to 28 USC §2244(b)(3)(A)).

However, even though, for the previously stated reasons, petitioner's claims are not cognizable upon the basis of Rule 60(b), but may perhaps, possibly, be cognizable under 28 USC §2254, this court is powerless, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) to re-characterize any document or petition that is not captioned as a §2254 habeas corpus petition as a habeas corpus petition without first gaining the petitioner's consent.

Accordingly, this                    day of March, 2007, it is hereby

**ORDERED** that petitioner's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and, it is further

**ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.

                                                 **S/ JOHN R. PADOVA**
                                                 **JOHN R. PADOVA, U.S. District Judge**